"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

AUG - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOWARD,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 07-1291 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the five disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue Nos. 1 and 2, the Court notes that the Administrative Law Judge ("ALJ") did discuss in detail the Lucerne Valley Clinic medical records. (See AR 20-21). Moreover, the ALJ did address the GAF assessments made by various providers and did provide sufficiently specific and

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

legitimate reasons for not according those assessments significant weight. (See AR 22). For the foregoing reason, as well as the other reasons set forth by the Commissioner at pages 7-11 of the Joint Stipulation, the Court concurs with the Commissioner that reversal is not warranted based on the alleged failure of the ALJ to properly consider the opinions in question of Dr. Thacker and Dr. Cabugao.

With respect to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt Stip at 14-15), the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider the alleged side effects of plaintiff's medications. Medication side effects must be medically documented in order to be considered. See Miller v. Heckler, 770 F.2d 845, 849 (1985). Here, as the Commissioner points out, none of the alleged side effects claimed by petitioner in his Disability Report were medically documented. Moreover, plaintiff here is not even contesting the ALJ's adverse credibility determination. In Thomas v. Barnhart, 278 F.3d 948, 960 (9th Cir. 2002), the Ninth Circuit rejected the claim that the ALJ had improperly excluded the side effects of dizziness and difficulties in concentration allegedly caused by the claimant's pain medication where (a) the claimant had offered no objective evidence that her medications affected her concentration or caused dizziness, (b) the only evidence regarding the alleged symptoms was the claimant's own statements to her doctor and her testimony at the administrative hearing, and (c) the ALJ had properly found that her testimony was generally not credible.

With respect to Disputed Issue No. 4, for the reasons stated by the Commissioner (see Jt Stip at 18-20), the Court finds that reversal is not warranted based on the ALJ's alleged failure to make a proper vocational determination at Step Four of the Commissioner's sequential evaluation process. The Court notes in this regard that the ALJ's residual functional capacity determination did not limit plaintiff to work involving 1-2 step simple tasks, but rather to work involving 4-5 step simple tasks. See also, e.g., Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (finding Level 2 reasoning consistent with limitation to simple tasks); Isaac v. Astrue,

2

No. CIV S-07-0442-GGH, 2008 WL 2875879, at *3-*4 (E.D. Cal. July 24, 2008) (adopting view that limitation to simple job instructions not inconsistent with jobs requiring Level 2 reasoning); Squier v. Astrue, No. EDCV 06-1324-RC, 2008 WL 2537129, at *5 (C.D. Cal. June 24, 2008) ("Plaintiff's limitation to simple, repetitive tasks is not inconsistent with the ability to perform jobs with a reasoning level of two."); Riggs v. Astrue, No. C07-5242RJB-KLS, 2008 WL 1927337, at *15-*20 (W.D. Wash. Apr. 25, 2008) (finding no inconsistency between jobs requiring Level 2 reasoning and limitation to simple instructions and decisions); Meissl v. Barnhart, 403 F. Supp. 2d 981, 983-85 (C.D. Cal. 2005) (finding limitation to simple and repetitive tasks to be closer to Level 2 reasoning).

Finally, it follows from the Court's finding with respect to Disputed Issue No. 4 that, with respect to Disputed Issue No. 5, reversal also is not warranted based on the ALJ's alleged failure to make a proper vocational determination at Step Five of the Commissioner's sequential evaluation process.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: August 7, 2008

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE